# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3184 PA (FMOx) | Date | April 27, 2011 |
|---|---|---|---|
| Title | Raymundo Ruiz v. Wells Fargo Bank N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before this Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A. ("Defendant").[1/] (Docket No. 1.) Defendant NDEX West L.L.C. ("NDEX") has not joined in the Notice of Removal nor filed any written consent to removal. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). Both partnerships and limited liability companies are considered "citizen[s] of every state of which its owners/members are citizens." Id.

---

    [1/]    The Complaint also names as defendants Wells Fargo Home Mortgage and America's Servicing Company. Defendant explains that these are not separate entities, but rather divisions of Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3184 PA (FMOx) | Date | April 27, 2011 |
|---|---|---|---|
| Title | Raymundo Ruiz v. Wells Fargo Bank N.A., et al. | | |

The Notice of Removal sufficiently establishes that plaintiff Raymundo Ruiz ("Plaintiff") is citizen of California, since Plaintiff has alleged in his Complaint that he is "a citizen of the State of California." (Compl. ¶ 1.) The Notice of Removal also sufficiently alleges that Defendant is a citizen of South Dakota, since it is a national banking association with its main office located in South Dakota. See Wachovia Bank v. Schmidt, 546 U.S. 303, 318, 126 S. Ct. 941, 952, 163 L. Ed. 2d 797 (2006)(construing 28 U.S.C. § 1348 and holding that a national bank is a citizen of the state which its articles of association designates as its main office); 28 U.S.C. § 1348 ("All national banking associations shall . . . be deemed citizens of the States in which they are respectively located.").

However, Defendant has not met its burden to demonstrate the citizenship of defendant NDEX. The Notice of Removal alleges that NDEX's only member is a limited partnership called National Default Exchange Holdings, LP ("NDEX Holdings LP"). Defendant alleges that the general partner of NDEX Holdings, LP is a Delaware corporation called National Default Exchange Management, Inc. However, Defendant's allegations of NDEX Holdings LP's citizenship are insufficient because it makes no mention of the remaining partners' citizenship.[2/] Moreover, Defendant has not even met its burden to establish the general partner's citizenship because it fails to allege National Default Exchange Management, Inc.'s principal place of business.

Defendant asserts that the Court need not consider NDEX's citizenship for purposes of evaluating diversity jurisdiction, since NDEX filed a declaration of nonmonetary status pursuant to California Civil Code § 2924l and is thus considered a nominal defendant. A nominal defendant "with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transport Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). By filing an unopposed declaration of nonmonetary status, a trustee is excused from participation in the proceeding. See Cal. Civ. Code § 2924l(d). However, as one district court has noted, "the State statute allowing for declarations of nonmonetary status does not render a defendant a sham defendant or a purely nominal party. A defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive." Sublett v. NDEX West, LLC, No. 11cv185-L(WMC), 2011 WL 663745 at *2 (S.D. Cal. Feb. 14, 2011). Absent any further facts or explanation, Defendant fails to demonstrate that NDEX is a nominal defendant, and the Court will not ignore its

---

[2/] The Notice of Removal also alleges that NDEX Holdings LP is wholly owned by a limited liability company called American Processing Company, LLC ("APC"). This allegation appears to contradict the allegation that National Default Exchange Management, Inc. is the general partner of NDEX Holdings LP. Nevertheless, assuming that APC were indeed the only owner of NDEX Holdings LP Defendant has still failed to adequately establish NDEX Holdings LP's citizenship. Defendant alleges that APC is owned by individuals who are citizens of Texas, as well as Dolan Company, which is Delaware corporation. However, because there is no mention of Dolan Company's principal place of business, the Notice of Removal does not sufficiently allege its citizenship.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3184 PA (FMOx) | Date | April 27, 2011 |
|---|---|---|---|
| Title | Raymundo Ruiz v. Wells Fargo Bank N.A., et al. | | |

citizenship for purposes of evaluating whether diversity jurisdiction exists.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. PC 050015 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.